## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | **CRIM. NO. 3:20-CR-27-CAR** |
| **vs.** | : | |
| | : | |
| **JOSHUA COCHRAN,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## <u>PLEA AGREEMENT</u>

It is agreed by the United States of America, by and through its undersigned attorney, and Joshua Cochran, hereinafter referred to as "Defendant," and Defendant's undersigned attorney, as follows:

### (1)

Defendant acknowledges that Defendant has reviewed and discussed the superseding indictment against Defendant in this matter with Defendant's attorney and Defendant's attorney has explained to Defendant his understanding of the Government's evidence.

### (2)

Defendant understands that Defendant is not required to plead guilty, and that Defendant has the right to plead not guilty and to elect instead to be tried by jury. Defendant understands that at a jury trial, Defendant would enjoy a presumption of innocence, and that the United States would have the burden of proving Defendant's guilt beyond a reasonable doubt. Defendant understands that Defendant would be entitled to the services of an attorney at all stages of such a trial. Defendant understands that Defendant would be entitled to confront and to cross-examine the United States' proof, and to present witnesses and evidence in Defendant's own behalf. Defendant understands that Defendant would have the right to testify in Defendant's own behalf, but that

Defendant could not be compelled to do so. Defendant has discussed these rights with Defendant's attorney. Defendant is satisfied with the services of Defendant's attorney. Defendant knowingly and voluntarily waives Defendant's right to plead not guilty and to proceed to trial.

The United States Attorney and the Defendant understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in United States v. Booker, 543 U.S. 220 (2005). Defendant knowingly and voluntarily waives any further objections that Defendant may have based on Booker, Apprendi v. New Jersey, 530 U.S. 466 (2000), and their progeny. Defendant therefore agrees that at sentencing, the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. Defendant expressly waives any claim of right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

(3)

Defendant being fully cognizant of Defendant's rights, and in exchange for the considerations to be made by the United States as set forth in Paragraph (4) below, agrees pursuant to Rule 11(c), Federal Rules of Criminal Procedure, as follows:

(A)     The Defendant is guilty and will knowingly and voluntarily enter a plea of guilty to the following counts in the superseding indictment:

**Count 1 – Possession with Intent to Distribute Methamphetamine**, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(viii); and

**Count 4 – Possession with Intent to Distribute Methamphetamine**, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(viii).

2



(B)     That Defendant fully understands that Defendant's plea of guilty as set forth in Subparagraph (A), above, will subject Defendant to a maximum sentence of:

**Count 1 – Possession with Intent to Distribute Methamphetamine**, 40 years imprisonment with a mandatory minimum sentence of 5 years imprisonment, a maximum fine of $5 million, or both, and a term of supervised release of at least 4 years; and

**Count 4 – Possession with Intent to Distribute Methamphetamine**, 40 years imprisonment with a mandatory minimum sentence of 5 years imprisonment, a maximum fine of $5 million, or both, and a term of supervised release of at least 4 years.

Defendant further acknowledges that the Court is required to impose a mandatory assessment of $100.00

(C)     The Defendant acknowledges and understands that the Court is not bound by any estimate of the probable sentencing range that Defendant may have received from Defendant's attorney, the Government, or the Probation Office.  The Defendant further acknowledges and agrees that Defendant will not be allowed to withdraw Defendant's plea because Defendant has received an estimated guideline range from the Government, Defendant's attorney, or the Probation Office which is different from the guideline range computed by the Probation Office in the Presentence Investigative Report and found by the Court to be the correct guideline range.

(D)     The Defendant understands fully and has discussed with Defendant's attorney that the Court will not be able to determine the appropriate guideline sentence until after a Presentence Investigative Report has been completed.  The Defendant understands and has discussed with Defendant's attorney that the Defendant will have the opportunity to review the Presentence Investigative Report and challenge any facts reported therein. The Defendant understands and has discussed with Defendant's attorney that any objections or challenges by the Defendant or

3

Defendant's attorney to the Presentence Investigative Report or the Court's rulings thereon will not be grounds for withdrawal of the plea of guilty.

(E)     Defendant understands and has discussed with Defendant's attorney that after the Court determines the applicable guideline range of this case, the Court has the authority under certain circumstances to impose a sentence that is more severe or less severe than the sentence called for by the guidelines.

(F)     Defendant agrees to provide a check for the mandatory assessment at the time of sentencing.

(G)     **Waiver of Appeal Rights and Right of Collateral Attack:**

Understanding that Title 18, United States Code, Section 3742 provides for appeal by a Defendant of the sentence under certain circumstances, Defendant waives any right to appeal the imposition of sentence upon Defendant, including the right to appeal the amount of restitution imposed, if any, except in the event that the District Court imposes a sentence that exceeds the advisory guideline range as that range has been calculated by the District Court at the time of sentencing, or in the event that the District Court imposes a sentence in excess of the statutory maximum.

Defendant waives any right to collaterally attack Defendant's conviction and sentence under Title 28, United States Code, Section 2255, or to bring any other collateral attack, except that Defendant shall retain the right to bring a claim of ineffective assistance of counsel.  This provision shall not bar the filing of a petition for writ of habeas corpus, as permitted by Title 28, United States Code, Section 2241.



Defendant waives any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c)(2), except in the event of a future retroactive amendment to the sentencing guidelines which would affect Defendant's sentence.

Defendant and the Government agree that nothing in this plea agreement shall affect the Government's right or obligation to appeal as set forth in 18 U.S.C. § 3742(b). If, however, the Government appeals Defendant's sentence pursuant to this statute, Defendant is released from Defendant's waiver of Defendant's right to appeal altogether.

Defendant acknowledges that this waiver may result in the dismissal of any appeal or collateral attack Defendant might file challenging his/her conviction or sentence in this case. If Defendant files a notice of appeal or collateral attack, notwithstanding this agreement, Defendant agrees that this case shall, upon motion of the Government, be remanded to the District Court to determine whether Defendant is in breach of this agreement and, if so, to permit the Government to withdraw from the plea agreement.

(H)    Defendant agrees to provide complete, candid, and truthful statements to law enforcement officers regarding Defendant's involvement and the involvement of all others involved in the charges alleged in the present superseding indictment as well as any and all criminal violations about which the Defendant has knowledge or information and that such information provided will be pursuant to and covered by this agreement. The Defendant further agrees to provide complete, candid, and truthful testimony regarding such matters in any proceeding. The Defendant understands that this agreement does not require the Defendant to implicate any particular individual or individuals or to "make a case," rather it requires the Defendant to be truthful and to testify truthfully whenever called upon.

(I)      Defendant and the Government stipulate and agree that there was no detected or identified biological evidence obtained during the investigation and prosecution of the matter which is subject to DNA testing.  The Defendant further agrees that all evidence obtained in this investigation and prosecution may be destroyed or returned to its rightful owner.

(J)      The United States of America and Defendant hereby agree that any breach of this agreement by the Defendant occasioned by a failure to cooperate, by withholding information, giving of false information, perjury, or failure to testify in any judicial proceeding in connection with the individuals, matters, and transactions referred to in the information, would: (a) not relieve the Defendant of Defendant's plea of guilty; (b) permit the Government to reinstate and proceed with prosecution on any other charges arising from the matters referred to in this superseding information; (c) permit the Government to instigate and proceed with the prosecution of any other offenses arising from a breach of this agreement, including perjury, false declaration, false statement, and/or obstruction of justice; and (d) permit the Government to utilize against the Defendant in any subsequent judicial proceeding any and all statements made by the Defendant. If a legitimate issue arises as to whether or not there has been a breach of this agreement, said question shall be determined by the United States District Court for the Middle District of Georgia. The burden of establishing such a breach shall be upon the United States and shall be established by a preponderance of the evidence.  The Federal Rules of Evidence shall not apply in any hearing to establish such a breach, but evidence shall be admitted and excluded at the Court's discretion.

(4)

In exchange for the consideration set forth in Paragraph (3) above, the United States Attorney for the Middle District of Georgia agrees as follows:



(A)     That he will accept the plea of guilty by Defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the United States Attorney at the time of Defendant's guilty plea, which might have been brought solely in this district against the Defendant. The United States Attorney agrees to dismiss the remaining counts of the pending superseding indictment, if any, in exchange for Defendant's plea of guilty to Count 1 and Count 4 of the superseding indictment.

(B)     That he further agrees, if the Defendant cooperates truthfully and completely with the Government, including being debriefed and providing truthful testimony, at any proceeding resulting from or related to Defendant's cooperation, to make the extent of the Defendant's cooperation known to the sentencing court. If the Defendant is not completely truthful and candid in his cooperation with the Government, he may be subject to prosecution for perjury, false statements, obstruction of justice, and/or any other applicable charge. If the cooperation is completed prior to sentencing, the Government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C. Section 3553(e) and/or Section 5K1.1 of the Sentencing Guidelines warranting the filing of a motion at the time of sentencing recommending a downward departure from the applicable guideline range. If the cooperation is completed subsequent to sentencing, the Government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure warranting the filing of a motion for reduction of sentence within one year of the imposition of sentence. In either case, the Defendant understands that the determination as to whether Defendant has provided "substantial assistance" rests solely with the Government. Any good faith efforts on the part of the Defendant that do not substantially assist in the investigation or prosecution of another person who has committed a crime will not result in either a motion for



downward departure or a Rule 35 motion. In addition, should the Defendant fail to cooperate truthfully and completely with the Government, or if the Defendant engages in any additional criminal conduct, the Defendant shall not be entitled to consideration pursuant to this paragraph.

(C)     Pursuant to Section 1B1.8 of the United States Sentencing Guidelines, the Government agrees that any self-incriminating information which was previously unknown to the Government and is provided to the Government by the Defendant in connection with Defendant's cooperation and as a result of the Defendant's plea agreement to cooperate will not be used in determining the applicable guideline range. Further, the Government agrees not to bring additional charges against the Defendant, with the exception of charges resulting from or related to violent criminal activity, as defined in 18 U.S.C. § 924(e)(2)(B)(i), based on any information provided by the Defendant in connection with the Defendant's cooperation, which information was not known to the Government prior to said cooperation. This does not restrict the Government's use of information previously known or independently obtained for such purposes.

(D)     If the Defendant affirmatively manifests an acceptance of responsibility as contemplated by the Federal Sentencing Guidelines, the United States Attorney will recommend to the Court that the Defendant receive an appropriate downward departure for such acceptance. It is entirely within the Court's discretion whether or not the Defendant would be entitled to any reduction based upon an acceptance of responsibility. The United States expressly reserves its right to furnish to the Court information, if any, showing that the Defendant has not accepted responsibility, including, but not limited to, denying his involvement, giving conflicting statements as to his involvement, or engaging in additional criminal conduct including personal use of a controlled substance.

(5)

## ABANDONMENT AND WAIVER OF CLAIMS AS TO
## CERTAIN PROPERTY AND CONSENT TO ITS DESTRUCTION

In lieu of forfeiture, the Defendant, Joshua Cochran, freely and voluntarily agrees to abandon and relinquish all of his right, title, and interest in the following property: one (1) Kahr Arms 9mm caliber pistol, Model: CM9, Serial Number: IS0791; and any and all ammunition (hereinafter referred to as the "subject property").

(A)     The Defendant is the sole owner of the subject property, which is in the lawful custody of the Athens-Clarke County Police Department, and warrants that there are no other persons or entities having an interest in the subject property.

(B)     Defendant acknowledges that as a convicted felon, Defendant has no right to possess the subject property, either actually or constructively.

(C)     Defendant hereby waives and abandons all right, title, and interest in the listed subject property. The Defendant acknowledges that the subject property was lawfully seized, and waives, releases, and withdraws any claim that Defendant has made with respect to the subject property, and waives and releases any claim that Defendant might otherwise have made to it in the future.

(D)     Defendant consents to the destruction of the subject property.

(E)     Defendant waives any right Defendant might otherwise have had to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the Government might take, in its sole discretion, to carry out the destruction of the listed subject property. Defendant's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure,

9

J.D.C.
CW

abandonment, disposition, and destruction of the listed subject property, including any such claim for attorney fees and litigation costs.

(F)     Defendant agrees to hold harmless the United States, the State of Georgia and all political subdivisions thereof, its officers, agents, attorneys, servants, and employees, from any and all actions, causes of actions, suits, proceedings, debts, dues, contracts, judgments, damages, claims, or demands whatsoever in law or equity which Defendant, his successors, or assigns, ever had, now have, or may have, whether known or unknown, arising from and in connection with the seizure, abandonment, and destruction of the listed subject property.

(6)

Nothing herein limits the sentencing discretion of the Court.

(7)

This agreement constitutes the entire agreement between the Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case.  In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

(8)

As an aid to this Court, the United States Attorney and the Defendant, by and through Defendant's attorney, enter into the following Stipulation of Fact.  This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court.  Under U.S.S.G. Policy Statement Section 6B1.4(d), this Court may accept this stipulation as written or



in its discretion with the aid of the Presentence Investigative Report determine the facts relevant to sentencing.

Subject to the above paragraph, the United States Attorney and the Defendant stipulate and agree that the Government could prove the following beyond a reasonable doubt:

On May 1, 2020, at approximately 11:51 p.m., Athens-Clarke County Police Department ("ACCPD") Officer Beau Holcombe stopped a vehicle driven by Billie Bair for a failure to maintain lane violation. There were two additional occupants in Blair's vehicle – Sharon Simpson was seated in the front passenger seat and the defendant, Joshua Cochran, was seated in the rear passenger seat. After speaking with Billie Blair, Officer Holcombe believed that she was under the influence of alcohol and/or drugs. As he was speaking with Blair outside her vehicle, Officer Holcombe could observe Defendant Joshua Cochran making suspicious movements in the rear area of the vehicle. Officer Holcombe requested and received verbal consent to search the vehicle from Blair.

Officer Holcombe found on the rear floorboard where the defendant's feet would have been positioned a Kahr 9mm caliber pistol, Model: CM9, Serial Number: IS0791, which was manufactured in Massachusetts. Next to the Kahr pistol, Officer Holcombe located a pull string bag containing several plastic sandwich bags which contained what Officer Holcombe believed to be crystal methamphetamine, as well as a digital scale and 2 glass pipes with residue. The official GBI crime lab report found that the substance in the sandwich bags tested positive for the presence of methamphetamine, with a purity of 79.3% and a net weight of 10.3 grams.

As alleged in **Count 1** of the superseding indictment, Defendant Joshua Cochran now admits that he possessed with the intent to distribute the 10.3 grams of methamphetamine.

11



On October 12, 2020, ACCPD Officer Beau Holcombe was again on patrol when he passed a Toyota Avalon in which Defendant Joshua Cochran was the front passenger. ~~Officer~~ ~~Holcombe knew that Defendant had an active warrant for his arrest and, therefore~~, Office Holcombe conducted a traffic stop on the Toyota Avalon. because the drive-out tag on vehicle had come loose CW J.D.C. Officer Holcombe informed Defendant that he had an active arrest warrant and placed him in handcuffs. As he began to search Defendant incident to arrest, Defendant spontaneously stated "it's in my right pocket." Officer Holcombe reached into Defendant's right front pocket and retrieved a small bag of marijuana and a larger bag containing methamphetamine. Defendant was read his *Miranda* rights and admitted that he had purchased an ounce of methamphetamine. The seized methamphetamine was sent to the GBI crime lab for testing. The GBI laboratory concluded that the substance was in fact methamphetamine with a purity of 59.7% and a net weight of 28.116 grams.

As alleged in **Count 4** of the superseding indictment, Defendant Joshua Cochran now admits that he possessed with the intent to distribute the 28.116 grams of methamphetamine removed from his pocket on October 12, 2020 by Officer Beau Holcombe.

(9)

### ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with Defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by the Defendant.

12



SO AGREED, this _14th_ day of ___July___, 2021.

> PETER D. LEARY
> ACTING UNITED STATES ATTORNEY

BY: _____

> MIKE MORRISON
> ASSISTANT UNITED STATES ATTORNEY

I, Joshua Cochran, have read this agreement and had this agreement read to me by my attorney, Catherine Williams. I have discussed this agreement with my attorney and I fully understand it and agree to its terms.

> JOSHUA COCHRAN
> DEFENDANT

I, Catherine Williams, attorney for Defendant Joshua Cochran, have explained the superseding indictment and the Government's evidence received through discovery and my investigation of the charge to Defendant Joshua Cochran. I believe Defendant Joshua Cochran understands the charge against him and the evidence that would be presented against him at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to Defendant Joshua Cochran. To the best of my knowledge and belief, Defendant Joshua Cochran understands this agreement.

> CATHERINE WILLIAMS
> ATTORNEY FOR DEFENDANT